52 CCPA

The GENERAL ELECTRIC COMPANY Limited, Appellant,

v.

JENAER GLASWERK SCHOTT & GEN., Appellee.

Patent Appeal No. 7271.

United States Court of Customs and Patent Appeals.

Feb. 11, 1965.

Russell L. Law, Washington, D. C., for appellant.

Ralph D. Dinklage, New York City, for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and AL-MOND, Judges.

RICH, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board sustaining appellee's opposition to the registration of "GENALEX" by appellant. 137 USPQ 607.

The reported opinion of the board recites the facts and discusses numerous issues argued below so we shall not repeat them in detail. The single issue before us is that one upon which the board predicated its decision: does "GLENALEX" so resemble marks used and relied upon by opposer as to be likely, when applied to applicant's goods, to result in confusion, mistake, or deception?

Appellant seeks to register "GENA-LEX" on the Principal Register on the basis of two registrations of the same mark in Great Britain, No. 775388 of 14 March 1958 and No. 530198 of 14 March 1932. Appellant registered "GENALEX" under the Act of February 20, 1905, Reg. No. 339,881 of October 27, 1936, for numerous goods in Class 21 and has two registrations thereof on the Principal Register under the Lanham Act, one for various goods in Class 36, Reg. No. 689,906, of December 15, 1959, the other for various goods in Class 21, Reg. No. 693,763, of March 1, 1960. The goods for which it now wishes to register the mark are:

> Scientific, nautical, surveying, navigating, photographic, cinematographic, optical, weighing, measuring, measuring and recording, indicating, indicating and recording, metering, telemetering, signalling, checking (supervision) apparatus and instruments; timing devices, calculating and computing apparatus and instruments; parts of all the aforesaid goods; and indicator lamps of all kinds.

Its application is serial No. 71,776, filed March 6, 1959.

Jenaer Glaswerk Schott & Gen. opposes registration as the owner of the following registered marks for the following goods, as summarized in the opinion of the board: "JENA GLASS" for graduate bottles, beakers, flasks, retorts, all of glass for laboratory use; test glasses, measuring receptacles, and water gauge glasses; "JENAER NORMAL-GLAS" for glass electric lamps; laboratory glassware; and optical glass, glass tubes, glass rods, glass plates, and glass vessels; and "JENAer SUPRAX GLAS" for electric lamps, namely incandescent lamps, gas discharge lamps, and high intensity lamps; laboratory glassware; and glass tubes, glass rods and glass plates. Opposer is the well-known manufacturer of glass wares, formerly located in the city of Jena, in what is now East Germany, but is now located in Mainz, West Germany.

The geographical origin of opposer's mark is clear. The current and earlier editions of Webster's New International Dictionary contain the following entry:

Je'na glass (yā'nä). A superior glass made at Jena."

Even if many persons would Americanize the pronunciation of "Jena" so as to make it sound like the first portion of the word "general," we do not believe that this would strip it of its meaning or make it appear, to those likely to purchase the various items of technical glassware to which it has been applied by opposer, to be an arbitrary mark, that is to say, a mark without independent meaning.

On the other hand, "GENALEX" is clearly an arbitrary mark, not a word or known term in the language and clearly a concoction for trademark purposes, devoid of independent meaning.

The board, after pointing out that opposer relies almost entirely on its "JENA GLASS" mark, concluded:

"Although the marks 'GENALEX' and 'JENA GLASS' may not look alike or have similar derivations, they nevertheless do possess a close simi-larity in sound and such similarity, standing alone, is sufficient to preclude registration of applicant's mark for closely related goods."

The board appears to have felt that there was no substantial similarity between the marks except the supposed similarity of sound and we are of the same view. We disagree with the board, however, that there is "close similarity in sound" of a kind likely to confuse, deceive, or mislead. On the one hand (looking at "JENA GLASS"), we have a mark made up of a recognizable geographic name, however it is pronounced, and the common word "glass". It is bound to sound like what it is—two recognizable words—and to have a corresponding impact. On the other hand, we have a meaningless concoction, "GENALEX."

■ Confusing "similarity" cannot be predicated on auditory response alone; one must consider the impression on the mind where stimuli of the auditory nerve are registered. We think the mind, even in its thoughtless initial reaction to the marks here involved, would readily distinguish the marks so as not to be confused by their concurrent use. Compare our views as expressed in In re General Electric Co., 304 F.2d 688, 49 CCPA 1186, in which we found no likelihood of confusion from the concurrent use of VULCAN and VULKENE on goods sold to technical users, as is the case here, and Republic Steel Corp. v. M. P. H. Manufacturing Corp., 312 F.2d 940, 50 CCPA 986, where we held TRUSS-SKIN and TRUSCON not likely to confuse.

■ While the board may have laid primary emphasis on the comparison of "JENA GLASS" to "GENALEX," we do not do so but take into account also, as appellee would have us, the varied trademark uses of "JENA" which it has made in different combinations. We are of the opinion that concurrent use of "JENA" and "GENALEX" on goods of the kind here involved, insofar as there may be overlap, semantic or real-

istic, would not confuse, mislead, or deceive.

Since we see no likelihood of confusion, and this being the only issue, the decision of the board is *reversed*.

There is a question of who shall bear the cost of printing in the record some 26 pages of *briefs* below which appellee asked to have added to the official transcript. The briefs before us contain arguments which attempt to justify payment of printing costs by both parties. Appellee's main argument is that appellant's brief was included for admissions contained in it and that appellee's briefs were necessary to an evaluation of those admissions. We have found none of these alleged admissions of counsel germane to the single simple issue before us and, as is usually the case, we have not found it useful to have access to briefs below. Appellee will bear the cost of printing them.

Reversed.