**STANADYNE, INC., Appellant,**

v.

**Albert LINS, Appellee.**

**Patent Appeal No. 9145.**

United States Court of Customs and Patent Appeals.

Feb. 14, 1974.

Daniel C. McEachran, Parker, Plyer & McEachran, Chicago, Ill., attorneys of record, for appellant.

Walter C. Farley, Roylance, Abrams, Kruger, Berdo & Kaul, Washington, D. C., attorneys of record, for appellee.

Before RICH, Presiding Judge, BALDWIN, LANE and MILLER, Judges, and KASHIWA, Judge, United States Court of Claims, sitting by designation.

RICH, Presiding Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board dismissing four consolidated oppositions, opinion published in full at 175 U.S.P.Q. 365 (1972). Familiarity with the opinion below will be assumed. We reverse.

■ As the board's opinion shows, appellant-opposer, while it sells its plumbing products to plumbing, heating, and cooling wholesalers, also advertises its products, under its double water-drop mark, in consumer magazines of national circulation. Appellant's priority is not contested. Although third-party registrations introduced by appellee show that several others have registered trademarks including as a feature a single conventionalized "water drop," none of them shows two overlapping "wa-

terdrops," which is one of the features common to the marks of the parties here. Each of appellee's marks features the color red for the left drop and blue for the right drop, which are partially overlapped, thus producing the color purple in the area of overlap. Appellant has made extensive use of the red and blue color scheme, though also using other color schemes. As the board found, the goods of the parties would move through the same trade channels to the same class of purchasers. These are the salient facts as fairly set forth in the opinion of the board before it reaches the question whether there would be a likelihood of confusion from assumed concurrent use of the marks of the parties on their respective goods. The board observed that the resolution of that question is "purely a subjective one."

On the subjective resolution, we disagree with the board. Because it was a subjective determination by the board, we cannot with certainty point out wherein or why the board erred, other than in its ultimate conclusion. The following points seem to us to be reasonable possibilities on the basis of what the board said in its opinion.

■ While we do not know how much weight the board gave to the third-party registrations, it is possible it gave too much. Aside from the point above mentioned that no registration shows a double-drop mark, we reiterate, as we most recently did in AMF Inc. v. American Leisure Products, Inc., 474 F.2d 1403 (Cust. & Pat.App.1973), that, in the absence of evidence of the extent of actual continuing use of registered marks, mere registrations are entitled to little weight in establishing whether there is likely to be confusion because registrations by themselves do not indicate how the public mind may have been conditioned.

■ It appears to us that the board was somewhat inconsistent in holding that another of opposer's marks, "MOEN," is not to be considered as an integral part of opposer's double-drop mark (which would change it into a mere part of a composite mark) and in thereafter holding that "any secondary meaning which has been created by opposer would be in the composite mark most frequently used by opposer rather than in the design mark alone." Since, as was also noted by the board, opposer has a registration on the design mark alone, on the Principal Register, which entitles opposer to the benefits of § 7(b) of the Trademark Act (15 U.S.C. § 1057(b)) with respect to that mark, we see no question of "secondary meaning" in this case, especially since opposer's registered double-drop mark is an entirely arbitrary, origin-indicating design mark. It was error in our view, to think in terms of "secondary" meaning for such a mark. A mark of this kind has no primary meaning calling for the establishment of secondary meaning to give it trademark status.

We do not regard the presence of the word "temperfix" on three of appellee's four marks as tending to eliminate likelihood of confusion. It could well be taken, when associated with the red and blue water drops, as indicating another item in opposer's line of plumbing fixtures.

■ Finally, we feel that this case is one particularly amenable to application of the well-established rule of trademark law that in case of doubt about likelihood of confusion, the doubt should be resolved against the newcomer.

Since we feel that the evidence is sufficient to support a finding of likelihood of confusion, the decision of the board in all four oppositions is reversed.

Reversed.