**CROWN RADIO CORPORATION,**
Appellant,

v.

**The SOUNDSCRIBER
CORPORATION,
Appellee.**

Patent Appeal No. 74-584.

United States Court of Customs
and Patent Appeals.

Dec. 26, 1974.

Edward M. Prince, Washington, D. C. (Cushman, Darby & Cushman, Washington, D. C.), attorney of record, for appellant.

John E. Benoit, Arlington, Va., attorney of record, for appellee. Robert H. Ware and F. Eugene Davis IV, Bridgeport, Conn. (Mattern, Ware & Davis, Bridgeport, Conn.), of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, abstracted at 181 USPQ 340 (1973), granting appellee's (The Soundscriber Corporation) petition to cancel appellant's (Crown Radio Corporation) registration No. 911,744 on the principal register of the mark "CROWNSCRIBER" for "tape recorders and tape players." We affirm.

Appellant's "CROWNSCRIBER" registration is dated May 25, 1971, and is based on an application filed January 6, 1970, with first use in commerce asserted to have been September 4, 1969. Appellee's verified petition for cancellation identifies appellant's registration, and then states that appellee is the owner of three trademark registrations[1] of the mark "SOUNDSCRIBER," that it is a manufacturer of tape recording machines, dictation equipment, tape recorders, tape players and related electronic and electrical equipment for industry and the armed services, and that it has used "SOUNDSCRIBER" as its trademark continuously for many years, upon information and belief, since about 1936.

Appellee did not submit copies of its aforementioned registrations with the

---

1. Registration No. 631,664 dated July 31, 1956 (filed December 12, 1955); registration No. 717,817 dated July 4, 1961 (filed October 11, 1960); and registration No. 685,953 dated September 29, 1959 (filed November 28, 1958).

verified petition for cancellation and appellee took no testimony during the time for its case-in-chief. Appellant answered the petition with a general denial and, at the close of appellee's testimony period, appellant filed a motion for default judgment with the Trademark Trial and Appeal Board on the ground of "failure to take testimony." This motion was denied by the board for the reason that after filing its answer appellant had filed a paper in which appellant had admitted the existence of appellee's registrations, and that, therefore, under Section 7(b) of the Trademark Act of 1946, 15 U.S.C. § 1057(b), appellee was not in default. At final hearing, the board held that there was a reasonable likelihood of confusion and granted the petition for cancellation.

## OPINION

The issue presented in this appeal is whether "CROWNSCRIBER" so resembles petitioner's registered mark, "SOUNDSCRIBER," as to be likely, when applied to tape recorders and tape players, to cause confusion, or to cause mistake, or to deceive.

■ Appellant has argued that appellee has failed to establish its claim that it has been damaged by the registration of "CROWNSCRIBER." Section 14 of the Trademark Act of 1946, 15 U.S.C. § 1064, provides that a petition to cancel a registered mark may be filed by any person who believes he will be damaged. The verified petition for cancellation herein states that petitioner believes it will be damaged and states further that "CROWNSCRIBER" so resembles "SOUNDSCRIBER" as to be likely to cause mistake or confusion or to deceive purchasers. A petitioner need not prove actual damage.

■ We agree with the board that appellant has admitted the existence of appellee's "SOUNDSCRIBER" registrations. Therefore, we agree with the board that the sole issue to be determined in this proceeding is whether or not there is a likelihood of confusion.

When the issue of likelihood of confusion is involved, consideration must be given to all the facts and circumstances in the case. See Massey Junior College, Inc. v. Fashion Institute of Technology, 492 F.2d 1399 (CCPA 1974).

■ Upon review of all the facts and circumstances of the case, we find no error in the board's ultimate conclusion that the similarity between the marks is sufficient to give rise to likelihood of confusion, mistake or deception as to the origin of the goods. The board said that the word "SCRIBER" in both marks is preceded by a five-letter word, which, while differing in meaning, bear a marked similarity in sound. The resulting similarity between the marks found by the board includes both the similarity in sound of the five-letter words and the identity of the common terminal portions. In considering the respective marks in their entireties, we agree that the marks have a marked similarity in sound, although they do differ in meaning. As we stated in General Electric Company Limited v. Jenaer Glaswerk Shott & Gen, 341 F.2d 152, 52 CCPA 954 (1965), confusing similarity cannot be predicated on auditory response alone and one must consider the impression on the mind where stimuli of the auditory nerve are registered. We conclude that the mind of the purchasing public would find the marks "CROWNSCRIBER" and "SOUNDSCRIBER" confusingly similar.

We also note that appellant's alleged first use in 1969 is well subsequent to appellee's filing dates beginning in 1955. The well-established rule of trademark law is that in case of doubt about likelihood of confusion, doubt should be resolved against the newcomer. Stanadyne, Inc. v. Lins, 490 F.2d 1396 (CCPA 1974).

In Miles Laboratories, Inc. v. Foley & Co., 144 F.2d 888, 32 CCPA 714 (1944), a cancellation proceeding cited by appellant's counsel, this court stated that whether the marks were confusingly similar was the really vital issue in that case, and held the marks there, Vitamiles and Vitabuild, were distinctive in charac-

ter and that confusion was not likely. We do not find that conclusion apposite in the present case involving different marks.

Affirmed.

MILLER, Judge (concurring).

I agree with the majority, but feel it should be pointed out that, although appellant answered the petition with a general denial, appellant subsequently submitted an exhibit consisting of a search report disclosing photostatic copies of various marks, including appellee's registrations of SOUNDSCRIBER which it had recited in its statement of belief that it would be damaged. As the board said, this constituted an admission of the existence of such registrations; but, even more importantly, unless otherwise shown, this presumably constituted an admission of the *present* existence of such registrations. See Tiffany & Co. v. Columbia Industries, 455 F.2d 582, 59 CCPA 851 (1972).