*United States v. Weld,* 127 U.S. 51, 57, 8 S.Ct. 1000, 1003, 32 L.Ed. 62 (1888).

At most, the Brazilian–American Treaty may help to determine whether or not the FAA was obligated to grant a certificate of airworthiness on the airplanes. In this determination, the Claims Court is free to "construe or apply a treaty," *S.N.T. Fratelli Gondrand v. United States,* 166 Ct. Cl. 473, 478 (1964), because it has jurisdiction over cases in which the government's action may be judged against a treaty, *Hughes,* 534 F.2d at 903. That, of course, is precisely what Wood alleges: the government was obligated to grant a certificate of airworthiness on the airplanes. But, the focus of the claim is that he was not able to purchase them with certificates of airworthiness. The treaty does not create that right.

## IV.

■ Finally, Wood asks us to review the transfer of his case from the Northern District of California to the Southern District of Florida. We cannot. A transfer order is interlocutory, not final and appealable. *Sunshine Beauty Supplies, Inc. v. United States Dist. Court for the Cent. Dist.,* 872 F.2d 310, 311 (9th Cir.1989). Wood's only avenue for relief from the transfer was by writ of mandamus from the Court of Appeals for the Ninth Circuit to the District Court for the Northern District of California. *Id.; NBS Imaging Sys., Inc. v. United States Dist. Court for the E. Dist.,* 841 F.2d 297, 298 (9th Cir. 1988). Section 1292(d)(4)(A) gives us no jurisdiction over the order of transfer to a more convenient venue. Neither its language nor its purpose suggests that Congress wanted this court to review prior interlocutory orders unrelated to Claims Court transfer orders.

### *Conclusion*

Accordingly, the order of the United States District Court for the Southern District of Florida is affirmed and the appeal from the order of the United States District

Court for the Northern District of California is dismissed.

AFFIRMED AND DISMISSED.

**OLDE TYME FOODS, INC., Appellant,**

v.

**ROUNDY'S, INC., Appellee.**

**91–1226.**

United States Court of Appeals, Federal Circuit.

April 17, 1992.

Paul V. Storm, of Richards, Medlock & Andrews, Dallas, Tex., argued for appellant. With him on the brief were V. Bryan Medlock, Jr. and Charles S. Cotropia.

C. Thomas Sylke, of Whyte & Hirschboeck, Milwaukee, Wis., argued for appellee. With him on the brief was Kenneth R. Nowakowski.

Before NEWMAN, ARCHER and MICHEL, Circuit Judges.

MICHEL, Circuit Judge.

Olde Tyme Foods, Inc. ("OTF") appeals the United States Patent and Trademark Office Trademark Trial and Appeal Board's ("TTAB" or "Board") grant of summary judgment to Roundy's, Inc., resulting in cancellation of OTF's registration for the trademark YE OLDE TYME. *Roundy's, Inc. v. Olde Tyme Foods, Inc.,* Cancellation No. 17,277 (Jan. 9, 1991). Because the Board erroneously drew factual inferences in favor of Roundy's, the summary judgment movant, we reverse and remand.

## BACKGROUND

Roundy's is the owner of Registration No. 806,997, issued on April 12, 1966, and renewed on April 12, 1986, and Registration No. 942,886, issued on September 12, 1972, for the mark OLDE TYME for various foods including donuts, rolls, buns, bread, fruit pies, and ice cream. OTF was the owner of Registration No. 1,451,119, issued on August 4, 1987, for the challenged trademark YE OLDE TYME for

mixes for cornbread, doughnuts, breads, frying batter, cakes, muffins, tortillas, and breading, and for cookies.

On June 28, 1988, Roundy's petitioned the Board to cancel the registration for YE OLDE TYME on the basis that OTF's mark so resembled its mark OLD TIME as to be likely to cause confusion. Roundy's then moved for summary judgment and supported its motion with affidavits with attached exhibits containing discovery responses. After considering phonetic quality, appearance, connotation, and commercial impression, the Board found the marks to be similar. TTAB's Op. at 3. Since the registrations do not place restrictions on trade channels and classes of purchasers, the Board presumed that the goods reach all classes of purchasers through all customary trade channels. *Id.* at 4. The Board also found Roundy's mark "relatively strong and well known in the field," *id.*, despite the evidence of third party use and registrations of similar marks for similar goods. *Id.* at 4–5. Finally, the Board discounted the significance of the lack of evidence of actual confusion during concurrent use of the marks. *Id.* at 5. In light of these findings and the close relationship among the goods sold, the Board concluded that OTF's mark created a likelihood of confusion and granted summary judgment in favor of Roundy's. Consequently, OTF's registration was cancelled.

OTF appeals the grant of summary judgment. We have jurisdiction pursuant to 15 U.S.C. § 1071(a) and 28 U.S.C. § 1295(a)(4)(B) (1988).

## DISCUSSION

The Federal Rules of Civil Procedure generally govern inter partes proceedings before the Board. 37 C.F.R. § 2.116(a) (1991). Thus, the Board may grant summary judgment to Roundy's "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In order to establish that a factual dispute is genuine, the nonmoving party "need only present evidence from which a jury might return a verdict in [its] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). That is, the Board must view the evidence in the light most favorable to the nonmovant. Since opposing factual inferences may arise from the same set of undisputed subsidiary facts, the Board must draw all reasonable inferences in favor of the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) ("On summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion."). Therefore, there need not be a conflict in the evidence of the underlying facts to preclude summary judgment.

Whether a genuine factual issue is material so as to preclude summary judgment would depend on applicable substantive law. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

In *In re E.I. DuPont DeNemours & Co.,* we delineated the mandatory factors to consider, when relevant evidence is of record, "[i]n testing for likelihood of confusion under Sec. 2(d)" of the Lanham Act. 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). A determination of likelihood of confusion is the ultimate legal conclusion based on findings of fact for each pertinent *DuPont* factor considered together. *Giant Food, Inc. v. Nation's Foodservice, Inc.,* 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983).

### I.

■ Turning to the *DuPont* factors, we first consider "[t]he similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression." 476 F.2d at 1361, 177 USPQ at 567 (factor 1). While a mark is to

be considered as a whole, "it is not error ... to indicate that some features of a mark are more distinctive than others." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1565–66, 4 USPQ2d 1793, 1798 (Fed.Cir.1987) (citation omitted). The Board may "give greater force and effect to [a] dominant feature." *Giant Food*, 710 F.2d at 1570–71, 218 USPQ at 395 (citations omitted).

With respect to the marks' appearances, the Board did not view the evidence in a light most favorable to OTF, drawing all reasonable inferences in OTF's favor. The registrations are for OLD TIME and YE OLDE TYME, both typed in ordinary block letters. In reaching its finding that the marks are "substantially identical in appearance," the Board looked to actual displays of the words YE OLDE TYME, which deemphasize YE, rather than to the registration. TTAB's Op. at 3 n. 3. The Board also apparently discounted the significance of the differences in spelling. On the record before the Board, however, we cannot say that a reasonable fact finder could not find the marks' appearances dissimilar.

OTF does not dispute that OLD TIME and OLDE TYME are phonetically identical. However, OTF contends that the Board erred in discounting the YE portion of its mark. We disagree. Although YE is the first word in OTF's mark and has a distinctive sound, we must evaluate the mark in its entirety. *DuPont*, 476 F.2d at 1361, 177 USPQ at 567. And as a whole, OLDE TYME plainly dominates the phonetic quality of OTF's mark. A reasonable fact finder would find the marks to be phonetically similar.

Both before the Board and on appeal, OTF asserted that the marks have distinct connotations and commercial impressions. According to OTF, whereas YE OLDE TYME calls to mind old England, OLD TIME evokes images of a more generic earlier time. *See* TTAB's Op. at 3 n. 4; Brief for Appellant at 18–19. The Board rejected OTF's arguments because "these meanings would not be apparent to the average purchaser," TTAB's Op. at 3 n. 4., and found the marks "nearly identical in

commercial impression." *Id.* at 3. Comparing the marks as though they reached the widest range of "average" purchasers of the goods possible under the registrations, however, we find that a reasonable fact finder could find the marks to convey different connotations and commercial impressions.

Viewing the undisputed evidence in a light most favorable to OTF and drawing all reasonable inferences in its favor, we conclude that the marks have not been shown as a matter of law to be similar in their entireties as to appearance, connotation, and commercial impression. The Board erred in drawing contrary inferences. In the context of its overall analysis of likelihood of confusion, we cannot say this error could not have affected the outcome and hence cannot overlook it as harmless error.

■ Because we are reviewing a grant of summary judgment, we do not engage in the delicate task of weighing the differences in appearance against the marks' properly found phonetic similarity. Yet phonetic similarity alone is insufficient in this case to establish as a matter of law that the uses of the respective marks are likely to cause confusion.

### II.

■ OTF also objects to the Board's finding the OLD TIME mark "relatively strong." TTAB's Op. at 4. In particular, OTF faults the Board for considering its evidence of third party registrations and use of similar marks on similar goods only with respect to the ultimate issue of likelihood of confusion. Such evidence, OTF contends, is also probative of the strength of Roundy's' mark.

■ Under *DuPont*, "[t]he number and nature of similar marks in use on similar goods" is a factor that must be considered in determining likelihood of confusion. 476 F.2d at 1361, 177 USPQ at 567 (factor 6). Much of the undisputed record evidence relates to third party registrations, which admittedly are given little weight but which nevertheless are relevant when eval-

uating likelihood of confusion. As to strength of a mark, however, registration evidence may not be given *any* weight. *AMF Inc. v. American Leisure Prods., Inc.*, 474 F.2d 1403, 1406, 177 USPQ 268, 269 (CCPA 1973) ("The existence of [third party] registrations is not evidence of what happens in the market place or that customers are familiar with them....") (citations omitted). However, the record also contains evidence of actual use of similar marks for similar goods: OLD TYME for bread and OLD TYME for soft drinks. This evidence could reasonably support an inference that Roundy's mark is weak. On this record the Board's finding that Roundy's mark is "relatively strong" is not a proper inference upon a motion for summary judgment because it is drawn *against* the nonmovant, OTF. Registration evidence, moreover, cannot support an inference either way.

## III.

■ Another factor to consider under *DuPont* is "[t]he length of time during and conditions under which there has been concurrent use without evidence of actual confusion." 476 F.2d at 1361, 177 USPQ at 567 (factor 8). Upon finding "the parties apparently do business in different geographic areas," TTAB's Op. at 5, the Board discounted the lack of evidence of actual confusion during 18 years of concurrent use. The basis for the Board's finding seems to be the following passage in Roundy's reply to OTF's response to Roundy's motion for summary judgment:

> The geographic remoteness of the parties involved in the present proceeding is likewise not a bar or mitigating factor in determining whether a likelihood of confusion exists. *Real Property Management, Inc. v. Marina Bay Hotel*, 221 USPQ 1187, 1190 (TTAB 1984).

Assuming, *arguendo*, Roundy's said what the Board thought it said, the finding that Roundy's and OTF do business in different areas is without evidentiary support. Indeed, uncontradicted record evidence indicates otherwise. To OTF's interrogatory "Identify [Roundy's] including: ... (b)

each state and country in which it is presently doing business," Roundy's answered "Illinois, Indiana, West Virginia, Ohio, Kentucky, Michigan, Iowa, Wisconsin, Tennessee, Missouri and Arkansas; United States." OTF, for its part, claimed "[s]ales have been made ... in all states except Alaska, Hawaii and Montana" in response to Roundy's interrogatory "Identify each state in which sales have been or are currently being made of goods bearing [OTF's] mark." As this evidence is uncontested, the Board's contrary finding on summary judgment is error. The Board then impermissibly inferred against OTF that the lack of evidence of actual confusion during 18 years of concurrent use is not probative of no likelihood of confusion.

Moreover, Roundy's prior statements before the Board conflict with the Board's construction of the passage. Roundy's asserted in its motion for summary judgment that its goods and OTF's goods "are often advertised in the same media, are sold in the same channels of commerce and are directed to the same class of purchasers." Specifically, Roundy's alleged competition with OTF in Arkansas, Illinois, Indiana, Iowa, Kentucky, Michigan, Missouri, Ohio, West Virginia, and Wisconsin. Roundy's Memorandum in Support of Its Motion for Summary Judgment (Joint Appendix at A33). In light of these prior statements, the Board must have misconstrued the passage.

According to Roundy's, its allegation of geographic remoteness referred merely to the locations of the parties' headquarters. Brief for Appellee at 20. Roundy's explanation is therefore consistent with both its prior statements and record evidence, and justifies its reliance on *Real Property Management, Inc. v. Marina Bay Hotel*, 221 USPQ 1187, 1190 (TTAB 1984). That case involved a service mark for hotel services in the vicinity of Marina del Rey, California, and a service mark for hotel facilities in Fort Lauderdale, Florida. Each service mark owner advertised out of state and had attracted national publicity for its facilities. *Id.* at 1188. Under those circumstances, the TTAB found that the geo-

graphic remoteness of the facilities is not a bar or mitigating factor in assessing likelihood of confusion. *Id.* at 1190.

Thus, the record before the Board, Roundy's prior statements, and Roundy's reliance on *Real Property Management* indicate that the "geographically remote" characterization applies only to the parties' headquarters. The Board's "finding" the parties do business in different geographic areas was erroneous and tainted the inference adverse to OTF on likelihood of confusion. Although the remoteness of the parties' headquarters may make it less likely that actual confusion is reported,[1] a contrary inference could also reasonably arise from the lack of evidence of actual confusion. On Roundy's summary judgment motion, the Board and this court must draw that contrary inference in favor of OTF.

### IV.

■ As the preceding discussion indicates, the Board failed to view the evidence in a light most favorable to OTF and to draw all reasonable inferences in its favor. A reasonable fact finder could have found for OTF on a number of *DuPont* factors underlying the legal conclusion of likelihood of confusion. We cannot say, however, that the record evidence and inferences are so indisputable as to merit summary judgment in favor of OTF. Thus, we reverse the summary judgment and remand for proceedings on the merits.

■ In reaching this conclusion, we are well aware that "[a]ny doubts about likelihood of confusion ... must be resolved against applicant as the newcomer." *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464–65, 6 USPQ2d 1025, 1026 (Fed.Cir. 1988) (citation omitted). *See Crown Radio Corp. v. Soundscriber Corp.*, 506 F.2d 1392, 1393, 184 USPQ 221, 223 (CCPA

1974) (doubt resolved against newcomer in cancellation proceeding). But this "tie-breaking rule" is not a presumption or a substitute for evidence. In any event, on its summary judgment motion, Roundy's still must show lack of a genuine issue of material fact and entitlement to judgment as a matter of law. This it has failed to do.

### V.

Pursuant to Rule 38 of the Federal Rules of Appellate Procedure, Roundy's has moved for sanctions against OTF in the form of attorney fees and double costs. Roundy's asserts two bases to support its argument that the appeal is frivolous as filed and as argued: First, "OTF ignores applicable precedent with respect to a number of issues in this case"; and second, "OTF mischaracterizes the legal conclusion regarding likelihood of confusion made by the board as a number of 'factual disputes' which should be resolved in OTF's favor." Brief for Appellee at viii.

■ With regard to the first basis, Roundy's directs us to OTF's failure to recognize that trade channel and "market interface"[2] evidence is immaterial where the registrations are not so limited. *Id.* at 25. Although we agree with Roundy's that the evidence is immaterial in the present case, OTF's reliance on that evidence by itself does not amount to such egregious conduct as to warrant sanctions. *Cf. Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579–80, 17 USPQ2d 1914, 1918–19 (Fed.Cir. 1991) (Conduct amounting to frivolous prosecution of the appeal includes: "submitting rambling briefs that make no attempt to address the elements requisite to obtaining reversal," "filing numerous documents containing irrelevant arguments and authority," and "misrepresenting facts or law to the court.") (citations omitted).

---

1. Roundy's also urges that because the goods involved are relatively inexpensive food items, one would not expect confusion to be reported. Brief for Appellee at 19–21. Low price, however, does not necessarily mean that actual confusion would not be reported. Even if price supported an inference, that would not help

Roundy's here, for inferences can only be drawn in favor of the nonmovant.

2. By "market interface," the parties are merely referring to the methods by which their goods are distributed. *See* Brief for Appellant at 22–23.

Roundy's points to no other instance where OTF ignored applicable law. Upon review of the briefs,[3] we find that OTF has discussed the relevant precedent on the standard for summary judgment and likelihood of confusion. Especially when the appellant's main arguments for reversal are both relevant and in fact meritorious, we should guard against unduly chilling appellate advocacy.

 As for Roundy's second basis for sanctions, OTF explicitly argued that likelihood of confusion is a question of law based on underlying findings of fact concerning pertinent *DuPont* factors. Brief for Appellant at 7–8. Contrary to Roundy's allegation, OTF does *not* characterize the Board's determination of likelihood of confusion as merely a number of factual disputes. Therefore, OTF has not misstated the applicable law. Rather, OTF correctly contends the Board erred by not viewing the evidence in a light most favorable to OTF, drawing all reasonable inferences in its favor. Inferences arising from uncontested facts can create genuine issues of material fact. Certainly, OTF's appeal cannot be viewed as frivolous as filed, for its appeal has succeeded. As to the charge of frivolous as argued, for reasons discussed above this charge also fails. Under these circumstances, we deny Roundy's request for sanctions.

Because the grant of summary judgment was based on the Board's inferences favoring the movant, while the law requires that all reasonable inferences be drawn in favor of the nonmovant, the order is reversed, and this cancellation proceeding is remanded to the Board for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

**3.** An assertion of frivolity is a serious charge. Consistent with its gravity, we recently stated that a request for sanctions "should be accompanied by citation to the opposing brief and the record below, and clear argument as to why those citations establish the allegedly frivolous nature of the appeal." *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 863, 20 USPQ2d 1252, 1263 (Fed.Cir.1991). As the present appeal was fully briefed before we announced the specificity requirement in *Biodex*, we do not apply its mandates here and instead independently review OTF's briefs for sanctionable conduct. We observe nevertheless that Roundy's' frivolity charge falls far short of the *Biodex* standard which, among other things, warns those who charge frivolity to do so specifically, lest their charge itself be found frivolous.