THIS OPINION IS
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Skoro

Mailed:  April 8, 2009

Opposition No. **91170552**

Honda Motor Co., Ltd.

v.

Friedrich Winkelmann

**Before Quinn, Drost and Mermelstein,**
**Administrative Trademark Judges.**

By the Board:

On April 21, 2004, Friedrich Winkelmann (hereinafter "applicant") filed an application to register the mark V.I.C. for "vehicles for transportation…" in Class 12.[1]  On April 24, 2006, Honda Motor Co., Ltd. (hereinafter "opposer") filed a notice of opposition alleging a likelihood of confusion between opposer's CIVIC registrations[2] and applicant's applied-for mark.  Applicant

---

[1] Serial No. 76587840 for "Vehicles for transportation on land, air or water, namely, motor propelled and self-propelled vehicles for use on land and on water and motor propelled and glider aircraft; parts used in vehicles for transportation on land, air or water, namely, motor propelled and self-propelled vehicles for use on land and on water and motor propelled and glider aircraft" in Class 12, filed under Section 44(e) based on German Registration No. 30354374, filed October 24, 2003, for, *inter alia*, "vehicles, machines for locomotion by land, air or water parts of air, land or water vehicles"; claiming a bona fide intent to use the mark in commerce.

[2] Reg. No. 1045160, issued July 27, 1976, for CIVIC, for "automobiles" in Class 12, renewed May 1, 2006; and Reg. No.

answered the notice of opposition by denying the salient allegations thereof.

On July 16, 2008, opposer filed a motion for summary judgment and a motion to amend its notice of opposition. On September 19, 2008, applicant answered the amended notice of opposition. We therefore grant opposer's motion to amend as conceded, and the amended notice of opposition is of record.

Opposer's motion for summary judgment is based on the newly added ground that applicant lacked the requisite bona fide intent to use the mark in commerce at the time of filing his application. In support of its motion for summary judgment, opposer has submitted copies of applicant's discovery responses.[3] Applicant has responded with a declaration from Jens Schulte, European Counsel for applicant, and James C. Wray, counsel for applicant in the U.S.

In support of its motion, as noted above, opposer has submitted applicant's written responses to opposer's discovery requests. Opposer maintains that applicant's

---

2573521, issued May 28, 2002, also for the mark CIVIC, claiming dates of first use and first use in commerce of September, 1972; Section 8 & 15 affidavits accepted January 29, 2008, for "automobiles and structural parts therefor" in Class 12. (Ex. D and E to amended notice of opposition).

[3] Opposer also submitted proof of the use of its registered mark on cars; copies of its registrations; and a dictionary definition of "automobile."

discovery responses demonstrate a *prima facie* case that applicant lacked a bona fide intent to use the mark when it filed its application.  Opposer further contends that applicant's mere statements of subjective intention, without more, are insufficient to establish applicant's bona fide intent to use the mark in commerce in the United States. Opposer concludes that the absence of any other documentary evidence prepared, created or produced prior to the filing date of the application or subsequent thereto, demonstrates applicant's lack of the requisite bona fide intent at the time of filing, rendering the application *void ab initio*, and that it is entitled to judgment in its favor as a matter of law.

Applicant contends, on the other hand, that the evidence of his bona fide intent to use the mark V.I.C. in commerce in the U.S. is through his registration and use of the mark V.I.C. in Europe, including Germany; and through the filing of applications for registration in other countries and in the U.S. (Response p. 4).  Applicant also states, through counsel, that this opposition has "delayed applicant's realization of its intended use in the United States." (Response p. 2).

In a motion for summary judgment, the moving party has the burden of establishing the absence of any genuine issues of material fact and that it is entitled to judgment as a

matter of law. *See* Fed. R. Civ. P. 56(c). In considering the propriety of summary judgment, all evidence must be viewed in a light favorable to the nonmovant, and all justifiable inferences are to be drawn in the nonmovant's favor. The Board may not resolve issues of material fact; it may only ascertain whether such issues are present. See *Lloyd's Food Products Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993); *Opryland USA Inc. v. Great American Music Show Inc.,* 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); *Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992).

As a general rule, the factual question of intent is particularly unsuited to disposition on summary judgment. *See Copelands' Enterprises, Inc. v. CNV, Inc.*, 945 F.2d 1563, 20 USPQ2d 1295 (Fed. Cir. 1991). The Board has held, however, that the absence of any documentary evidence regarding an applicant's bona fide intention to use a mark in commerce is sufficient to prove that an applicant lacks such intention as required by Section 1(b) of the Trademark Act,[4] unless other facts are presented which adequately explain or outweigh applicant's failure to provide such

---

[4] Lanham Act § 1(b) states that "a person who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce" may apply for registration of the mark.

documentary evidence. *See Commodore Electronics Ltd. v. CBM Kabushiki Kaisha*, 26 USPQ2d 1503, 1507 (TTAB 1993).

At the outset, we find that there is no genuine issue of material fact concerning opposer's standing to be heard on its claim. Although opposer neither submitted status and title copies of its pleaded registrations of its CIVIC mark nor an affidavit or declaration in support of its allegations of use of its CIVIC mark, there is other evidence establishing opposer's standing. The record includes applicant's statement that "Honda uses CIVIC only on subcompact automobiles" and "applicant's vehicles may compete with Honda vehicles." (Interrogatory No. 54 response). We find applicant's statements sufficient to establish that opposer has a real interest in the outcome of this proceeding; that is, opposer has a direct and personal stake in the outcome of the opposition. *See Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023 (Fed. Cir. 1999); *Jewelers Vigilance Committee Inc. v. Ullenberg Corp.*, 823 F.2d 490, 2 USPQ2d 2021 (Fed. Cir. 1987).

An applicant who has applied for registration under Section 44(e) of the Lanham Act, claiming priority based on a registration of his mark in a foreign country, must, in his U.S. application, verify, in writing, that he has a bona fide intent to use the mark in U.S. commerce. 15 U.S.C. § 1126(e). In determining whether an applicant under § 44(e)

5

has the requisite bona fide intent to use the mark in U.S. commerce, the Board uses the same objective, good-faith analysis that it uses in determining whether an applicant under § 1(b) has the required bona fide intent to use the mark in U.S. commerce. *See Lane Ltd. v. Jackson International Trading Co.*, 33 USPQ2d 1351, 1355 (TTAB 1994).

In determining the sufficiency of documentary evidence demonstrating bona fide intent, the Board has held that the Trademark Act does not expressly impose "any specific requirement as to the contemporaneousness of an applicant's documentary evidence corroborating its claim of bona fide intention. Rather, the focus is on the entirety of the circumstances, as revealed by the evidence of record." *Lane Ltd. v. Jackson International Trading Co., supra* at 1356.[5]

---

[5] As stated by the Board in *Lane*, "With respect to the activities of applicant's predecessor, the evidence shows that applicant's principal had succeeded in marketing tobacco in the United States by locating a non-U.S. licensee … which exported tobacco to the United States under the previous SMUGGLER mark. This evidence is relevant because it establishes that applicant's principal was engaged in the tobacco marketing business, including the export of tobacco to the United States under the previous SMUGGLER mark. When viewed in the context of this prior experience and success in the relevant industry, we find that applicant's efforts to obtain a licensee for the new SMUGGLER mark are consistent with and corroborative of applicant's claimed bona fide intention to use the new mark in commerce." (Id. at 1356).
The situation in *Lane* is to be contrasted with the present case where there is no evidence that applicant is engaged in the manufacture or sale of automobiles under the claimed mark, thereby providing no evidence of a bona fide intention to use the mark in commerce. *See also L.C. Licensing Inc. v. Berman*, 86 USPQ2d 1883, 1887 (TTAB 2008) and *Boston Red Sox Baseball Club LP v. Sherman*, 88 USPQ2d 1581, 1587 (TTAB 2008) (no bona fide intent found because there was no relevant business established).

In this case, opposer has proffered documents that applicant provided to opposer through discovery, which include applicant's interrogatory responses and document production (or lack thereof) which, opposer asserts, demonstrates that applicant has no current business plans, ongoing discussions, promotional activities, or anything else to corroborate his claim of a bona fide intent to use the mark in commerce in the United States. Specifically, opposer points to applicant's responses to interrogatories numbered 15 and 16, by which opposer requested a description of a business plan, strategy or arrangements and methods used by applicant in connection with the use of, or intent to use, the mark for the identified goods (interrogatory 15) and to identify the channels of trade that are or will be used in the U.S. by applicant in connection with the identified goods (interrogatory 16). Both interrogatories were answered with "Applicant has not had activities in the U.S. and has not made or employed a business plan, strategy, arrangements or methods there" and "has not identified channels of trade that will be used in the United States."

Interrogatory 34 asked applicant to state whether he had a bona fide intent to use the mark on or in connection with the goods on the day the application was filed; to which applicant responded "yes" but the follow-up interrogatory 36 asked if the response was affirmative, to

7

identify any and all evidence supporting applicant's claim that it had an intent to use the mark for the identified goods, to which applicant responded "Not Applicable." (Motion for Summary Judgment, Exhibits B and C).

As for requests for production, opposer notes requests number 9 (documents sufficient to identify all intended uses of applicant's mark on or in connection with the claimed goods); number 10 (documents to identify products of applicant associated with applicant's mark intended to be used…); and number 12 (documents applicant intends to use to promote, advertise, publicize or sell goods and/or services under his mark) – all to which applicant responded:  "No such documents exist".  (Motion Ex. D).  For the documents actually produced in response to request for production number 11 (documents sufficient to identify the types of vehicles applicant intends to promote, advertise, publicize, offer to sell and/or sell in connection with the mark), number 14 (documents that evidence, refer or relate to the advertising and promotional means intended to be used to advertise and promote applicant's goods) and number 16 (documents that reflect, refer to or evidence applicant's intent to use applicant's mark on vehicles in the U.S.), applicant's responses stated "See Documents A, B and C1-10". (Motion Ex. D).  Accompanying these documents, applicant provided a list and described them as "Document A printouts

from Applicant's website, www.MTWGroup.de (enclosed)"[6];

"Document B Applicant's German, European and WIPO trademark

registrations (enclosed)"[7]; and "C1-C10 are official

correspondence with the United States Patent and Trademark

Office and can be viewed online using the 'View full files'

option from the USPTO homepage."[8]

Applicant has countered the motion[9] with statements of

subjective intent, not made by applicant himself, but rather

made by declarants on his behalf.[10]

---

[6] The printouts appear to be from the MTW Motor Group website
with applicant's name underneath the banner; the advertisement is
in German, with use of the mark as "MTW V.I.C.-PAKET" which
appears to be a gift box with a list of items to be used in
connection with an automobile.  Without verification and
translation, the connection between the goods claimed in the
application and these documents is unclear.  As used in these
materials, the mark does not appear to identify "vehicles for
transportation."

[7] These are again without translation and submitted with the
application to support a claim of priority.

[8] Opposer notes that Document A is actually the foreign
registrations and Document B is the website printout and
Documents C1-10 were never produced.

[9] There is also quite a bit of argument by applicant that opposer
has not objected to applicant's registration of its mark outside
of the United States; and has not objected to the use of "vic" as
used by Ford Motor Company.  Exhibits attached to Mr. Wray's
declaration provide extensive Internet results relating to the
use of "vic" to identify Ford Motor Company's "Crown Victoria"
automobile.  These arguments are not relevant to the issue before
us, namely, applicant's bona fide intent to use the mark in
commerce in the U.S.

[10] Opposer has moved to strike these declarations as lacking
foundation.  We have considered the declarations submitted by
applicant's counsel to the extent they are relevant to the issue
of applicant's bona fide intent to use the mark in the U.S.  It
should be pointed out, however, that these declarations do not
include any objective facts in support of applicant's intent.  In
that we have considered these declarations as applicant's only

Federal Rule of Civil Procedure 56(c) provides:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Federal Rule of Civil Procedure 56 requires a nonmoving party to go beyond the pleadings and to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Celotex Corp. v. Catrett, supra* at 324.

In its response to the motion, applicant has not provided any exhibits that provide any additional, relevant information in support of his declarations nor identified those portions of the record before the Board that demonstrate that he manufactures vehicles in Germany or elsewhere. Rather, applicant has pointed to the same evidence opposer points to, namely, the website printouts showing the mark as used in Europe.

To raise a genuine issue of material fact, applicant must rely on specific facts that establish the existence of an ability and willingness to use the mark in the United States to identify its claimed "vehicles for transportation" at the time of the filing of the application. Applicant's

---

evidence in support, we have not afforded them much weight. Accordingly, opposer's motion to strike these declarations is hereby denied.

declarations of outside counsel merely state opinions and do not provide specific facts in support of his position.

While the evidence necessary to support a bona fide intent to use may differ depending on the circumstances of each case, the evidence that applicant relies upon through its foreign registrations and Internet printouts does not demonstrate trademark use for the claimed goods.  Further, these documents do not show that applicant has an intent to use the mark in the United States.  The website printouts are not translated, but judging from the graphics, the mark seems to be used to identify car care packages or promotional material, not the vehicles themselves; and there is no evidence of a bona fide intent to use the mark in the United States as to the goods listed in the application. Any intention to use the mark may go to promotional services for dealerships, but not to "vehicles for transportation." Finally, because the arguments of counsel are not supported by any evidence of record related to applicant's bona fide intent, they are insufficient to raise a genuine issue of material fact.  *See, e.g., Hornblower & Weeks Inc. v. Hornblower & Weeks, Inc.,* 60 USPQ2d 1733, 1736 (TTAB 2001).

Therefore, after having considered the evidence and arguments submitted by the parties in connection with the motion, and viewing that evidence in the light most favorable to applicant, we find there is no evidence of

applicant's bona fide intent to use the mark in the United States to identify the claimed goods.  Because applicant has not established that there is any genuine issue of material fact as to his lack of a bona fide intent to use, opposer's motion for summary judgment is granted.

The opposition is sustained, and registration is refused to applicant.