**THIS OPINION IS A PRECEDENT OF THE TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

coggins

Mailed: January 5, 2009

Opposition No. 91179589

Compagnie Gervais Danone

v.

Precision Formulations, LLC

--------------------

Opposition No. 91184174

Precision Formulations, LLC

v.

Compagnie Gervais Danone

Before Bucher, Zervas, and Wellington
Administrative Trademark Judges.

By the Board:

These cases now come up on Compagnie Gervais Danone's motion for summary judgment (filed June 19, 2008, in Opposition No. 91179589) and motion to dismiss (filed June 19, 2008, in Opposition No. 91184174). Because the parties are in reverse positions in the two opposition proceedings, we will hereinafter refer to Compagnie Gervais Danone as "Danone," and Precision Formulations LLC as "Precision."

Upon review of the motions, the Board notes that Opposition Nos. 91179589 and 91184174 involve the same

parties and common questions of law and fact.  While these separate oppositions have not been formally consolidated, the Board exercises its discretion to issue this single order determining the pending motions for summary judgment and to dismiss.

**MOTION FOR SUMMARY JUDGMENT IN OPPOSITION NO. 91179589**

Precision seeks to register the mark FRUITOLOGY for various cosmetic products in International Class 3, various nutritional goods and medicated skin creams in International Class 5, and various beverage goods in International Class 32.[1]

Danone has moved for summary judgment in its favor on its claim of priority and likelihood of confusion regarding Precision's nutritional goods of International Class 5 and the goods of International Class 32.  Danone has not opposed Precision's application to register the mark in International Class 3.

Summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  A genuine dispute with respect to a material fact exists if sufficient evidence is presented that a reasonable fact finder could decide the question in favor of the non-moving party.  *See Opryland USA Inc. v. Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992). Thus, all doubts as to whether any particular factual issues are genuinely in dispute must be resolved in the light most

favorable to the non-moving party. *See Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992).

A party moving for summary judgment in its favor on a priority and likelihood of confusion claim must establish that there is no genuine dispute that (1) it has standing to maintain the proceeding; (2) it is the prior user of its pleaded mark or marks or the owner of a valid and subsisting federally registered mark; and (3) contemporaneous use of the parties' respective marks in connection with their respective goods or services would be likely to cause confusion, mistake or to deceive consumers. *See Hornblower & Weeks, Inc. v. Hornblower & Weeks, Inc.*, 60 USPQ2d 1733 (TTAB 2001); *see also, King Candy Co., Inc. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108 (CCPA 1974).

There are no questions as to standing or similarity of the marks and goods in these cases, as the parties' submissions show they have filed trademark applications for nearly identical marks, for overlapping or legally identical goods, and each party has claimed there is a likelihood of confusion. Moreover, in its answer to the notice of opposition Precision admitted that the parties' marks are "identical in sight, sound, connotation and commercial impression" and that "there is direct overlap between some" of the parties' goods. The parties have therefore effectively conceded that confusion is likely between the opposed goods in each opposed class. The sole issue that remains is one of priority.

---

[1] Application Serial No. 77112583, filed February 21, 2007, under

Danone argues that because its priority filing date is earlier than Precision's filing date or any date of use which Precision has claimed, Danone is entitled to judgment as a matter of law.

We begin by looking at Precision's priority date. A party that has filed an intent-to-use application may rely on the filing date of its application to establish priority. *See Larami Corp. v. Talk To Me Programs Inc.*, 36 USPQ2d 1840, 1845 n. 7 (TTAB 1995) (constructive use provisions may be used both defensively and offensively to establish priority); *see also, Zirco Corp. v. American Telephone & Telegraph Co.*, 21 USPQ2d 1542, 1544 (TTAB 1991) (right to rely on constructive use date comes into existence with filing of intent-to-use application). Precision may, therefore, claim priority back to the February 21, 2007 date on which it filed the intent-to-use application. Precision has not relied on any earlier date for priority purposes.[2]

---

Section 1(b) of the Trademark Act, 35 U.S.C. § 1051(b).

[2] In Precision's brief in opposition to the motion for summary judgment, Precision's responses to Danone's first set of interrogatories, and Precision's notice of opposition in Opposition No. 91184174, Precision has relied on February 2007 as the point in time when it began "marketing" its FRUITOLOGY goods. In view, however, of Precision's repeated failure to identify a specific day of that month, the earliest date on which Precision could rely for priority for its "marketing" (should it be able to show that "marketing" was actual use or use analogous to trademark use) would be February 28, 2007, the last day of the specified time period. *EZ Loader Boat Trailers, Inc. v. Cox Trailers, Inc.*, 213 USPQ 597, 598 n.5 (TTAB 1982) (documentary evidence showed first use in 1977, the month and day were unknown, therefore, the Board could not presume any date earlier than the last day of the proved period). *See also Osage Oil & Transportation, Inc. v. Standard Oil Co.*, 226 USPQ 905, 911 n.22 (TTAB 1985) (evidence established first use in 1968-1969, therefore December 31, 1969 is date of first use).

We next consider Danone's priority date.  We note that Danone filed its application on May 22, 2007 pursuant to Section 66, 15 U.S.C. § 1141f, of the Trademark Act.[3]  Section 66(b), 15 U.S.C. § 1141f(b), provides that a Section 66(a) application:

> ...shall constitute constructive use of the mark, conferring the same rights as those specified in section 7(c), as of the earliest of the following:
> (1) The international registration date, if the request for extension of protection was filed in the international application.
> (2) The date of recordal of the request for extension of protection, if the request for extension of protection was made after the international registration date.
> (3) The date of priority claimed pursuant to section 67.

Section 67 of the Trademark Act, 15 U.S.C. § 1141g, states that an applicant is entitled to claim a date of priority when it holds an international registration, makes a request for extension of protection (application) to the U.S., includes a claim of priority based on a right of priority under Article 4 of the Paris Convention for the Protection of Industrial Property, and the date of the international registration is within six months of the filing date of the application underlying the international registration.  Danone's International Registration No. 0930814 issued May 22, 2007. The International Registration is based on an underlying French application (No. 06 3 467 672) filed December 6, 2006, which issued on May 11, 2007, as French Registration No.

---

[3] The filing date of Danone's §66(a) application is the international registration date of May 22, 2007.  *See* TMEP § 1904.01(b).

06 3 467 672. Danone claimed priority based on the December 6, 2006 filing date of the French application. Thus, pursuant to Sections 66(b) and 67, Danone is entitled to a priority date of December 6, 2006. *See General Motors Corp. v. Aristide & Co., Antiquaire de Marques*, 87 USPQ2d 1179, 1181 (TTAB 2008).

Because Danone's application has an effective filing date of December 6, 2006, and that date is earlier than Precision's filing date of February 21, 2007, Danone may rely on its effective filing date to establish priority. Thus, we find that there are no genuine issues of material fact as to the issue of priority.

Accordingly, Danone's motion for summary judgment is granted, contingent upon application Serial No. 79041120 maturing into a registration.[4] If application Serial No. 79041120 matures into a registration, the Board will enter judgment against Precision, sustain the opposition, and refuse registration to Precision for International Classes 5 and 32.[5]

---

[4] Section 66(b), 15 U.S.C. § 1141f(b), confers the same rights as those specified in Section 7(c) of the Trademark Act, 15 U.S.C. § 1057(c). Section 7(c) provides that filing an application for registration on the Principal Register establishes constructive use and nationwide priority, contingent upon issuance of a registration. Thus, we do not enter judgment at this time, but rather grant Danone's summary judgment motion contingent on the issuance of a registration in application Serial No. 79041120.

[5] Although Danone's motion does not seek summary judgment against Precision's "medicated skin creams" in International Class 5, we note that all of the goods in International Class 5 were opposed in the notice of opposition. Where priority and likelihood of confusion are established as to any of the goods identified in an opposed class, the opposition to registration of the mark as to the entire class will be sustained. *See Baseball America Inc. v.*

## MOTION TO DISMISS IN OPPOSITION NO. 91184174

In its notice of opposition for proceeding no. 91184174, Precision alleges that it filed an application on February 21, 2007, for a mark that is almost identical to the Danone mark being opposed; that Precision first used its mark in February 2007; that Danone filed with the USPTO "an intent-to-use application" on May 22, 2007; and that based on Precision's prior use of its mark as early as February 2007, Precision's rights in the mark are superior to Danone's rights. In response to the notice of opposition, Danone filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) alleging Precision's failure to state a claim upon which relief can be granted.

To withstand a motion to dismiss, a notice of opposition need only allege such facts that, if proved, would establish that opposer is entitled to the relief sought, that is, that (1) opposer has standing to challenge the application, and (2) a valid ground exists for seeking to oppose registration. *See Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982).

Precision has adequately alleged standing in this proceeding by pleading in the notice of opposition that it has filed an application for a mark nearly identical to Danone's mark for overlapping or legally identical goods. By pleading that it has filed such an application, Precision has sufficiently alleged that it has a "real interest" and a "direct and personal stake" in the outcome of the proceeding.

*Powerplay Sports Ltd.*, 71 USPQ2d 1844, 1847 n.9 (TTAB 2004) and

*See Ritchie v. Simpson*, 170 F.3d 1092, 50 USPQ2d 1023, 1025 (Fed. Cir. 1999).

For purposes of determining whether a valid ground exists for seeking to oppose registration, all of Precision's well-pleaded allegations must be accepted as true, and the notice of opposition must be construed in the light most favorable to Precision as the non-movant. *See Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993); *see also* 5A Wright & Miller, *Federal Practice And Procedure: Civil 2d* § 1357 (1990).

In the motion to dismiss, Danone argues that Precision has failed to properly allege priority because "the facts [pleaded] in the notice of opposition and incorporated by reference by virtue of" Danone's application "support the conclusion that Danone and not Precision has priority...." Danone states that its underlying application Serial No. 79041120 is "incorporated by reference" in the notice of opposition and is therefore available to the Board for consideration on a motion to dismiss for failure to state a claim.

In its brief in opposition to the motion to dismiss, Precision argues that the Board must construe Precision's priority claim as true. That is, the Board must accept as true Precision's statements that Precision filed an application on February 21, 2007, and that Danone filed an intent-to-use application on May 22, 2007.

cases cited therein.

In reply, Danone reiterated its argument that its application (request for extension of protection) was "incorporated by reference" in the notice of opposition and should therefore be available to the Board for consideration on the motion to dismiss. Danone submitted two copies of its application Serial No. 79041120 with its reply brief, one from the Office's Trademark Document Retrieval (TDR) system and one from the Office's Trademark Application and Registration Retrieval (TARR) database.

If, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are submitted and not excluded by the Board, the motion will be treated as a motion for summary judgment under Fed. R. Civ. P. 56. *See, for example*, Fed. R. Civ. P. 12(b); *Advanced Cardiovascular Systems Inc. v. SciMed Life Systems Inc.*, 988 F.2d 1157, 26 USPQ2d 1038 (Fed. Cir. 1993); *Libertyville Saddle Shop Inc. v. E. Jeffries & Sons Ltd.*, 22 USPQ2d 1594 (TTAB 1992); TBMP § 503.04 (2nd ed. rev. 2004).

For all practical purposes, such conversions will not be effected for motions to dismiss filed in opposition or cancellation proceedings commenced on or after November 1, 2007. The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 Fed. Reg. 42242. By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings were amended. Certain amendments had an effective date of August 31, 2007, while most had an effective date of November 1, 2007. In inter partes

proceedings commenced prior to November 1, 2007, a party is permitted to file a motion for summary judgment under Trademark Rule 2.127(e)(1) at any time after notification of the proceeding had been sent to the parties by the Board but before commencement of the first testimony period.[6]  In inter partes proceedings commenced after November 1, 2007, a party may not file a motion for summary judgment under Trademark Rule 2.127(e)(1) until the party has made its initial disclosures, except for a motion asserting claim or issue preclusion or lack of jurisdiction by the Board.[7]

Because the Board does not allow a party to file a motion for summary judgment prior to the moving party's service of initial disclosures on the adverse party, the Board generally will no longer exercise its discretion to convert motions to dismiss that refer to matters outside the pleadings into motions for summary judgment, if such motions are filed before the moving party serves its initial disclosures.  Conversion of a motion to dismiss would result in a premature motion for summary judgment.  However, if a motion to dismiss is filed that references matters outside the pleadings, the Board may exclude from consideration the matters outside the pleadings

---

[6] Opposition No. 91179589, and the motion for summary judgment filed therein, discussed *supra*, is such a case.

[7] Moreover, because a party's initial disclosures are not filed with the Board, if a party moves for summary judgment prior to the deadline for making initial disclosures it should indicate in its motion that the disclosures have been made, or are not required because the motion seeks judgment on claim or issue preclusion, or on a jurisdictional issue.

and may consider the motion for whatever merits it may present as a motion to dismiss.

In the current opposition proceeding, in accordance with the practice discussed above, we will not convert Danone's motion to dismiss into a motion for summary judgment. However, it is unnecessary for us to convert the motion to dismiss to a motion for summary judgment to be able to consider the matters relied on by Danone, namely, the filing basis and filing date of its application, as well as the priority date accorded thereto.

Despite the requirement that the Board must treat all well-pleaded allegations as true, there are facts the Board may consider when a party has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). For example, the Board may look to such facts as the filing date, filing basis, priority date, publication date, and applicant's name in an application that is the subject of an opposition proceeding. These are facts not subject to proof, and the Board may look to Office records for such facts to determine if a party's allegations are well-pleaded.[8]

In this case, Precision's allegation that Danone's application was filed under an intent-to-use basis is not

---

[8] In contrast, allegations made in an application, for example, dates of first use and first use in commerce, and allegations relative to acquired distinctiveness, are not objective facts but are subject to proof in an inter partes proceeding. *See Yamaha International Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 6 USPQ2d 1001, 1004 (Fed. Cir. 1988)(acquired distinctiveness); *Miss Universe, Inc. v. Drost*, 189 USPQ 212, 213 (TTAB 1975)(dates of use).

supported by Office records.  Precision's pleading is incorrect as to the basis of Danone's application.  Specifically, Danone's application was not filed as "an intent-to-use application" under Section 1(b) of the Trademark Act, 35 U.S.C. § 1051(b).  Rather, Danone's application was a request for extension of protection filed under Section 66 of Trademark Act pursuant to the Protocol Relating to the Madrid Agreement Concerning the International Registration of Marks ("Madrid Protocol"), 35 U.S.C. § 1141f.

As explained in detail earlier in this order, Danone's priority filing date for the subject extension application under Sections 66(b) and 67 of the Trademark Act is December 6, 2006.  Precision's allegation that Danone filed an intent-to-use application on May 22, 2007 is not well-pleaded.  Therefore, the Board is under no obligation to accept such allegation as true.  The Board will not take as true any allegations contradicting facts in Office records.

For purposes of pleading, Precision's allegations of priority are insufficient.  Precision's allegations of February 21, 2007 as the filing date of its own intent-to-use application, and February 2007 as the date Precision began use of its mark for marketing, do not establish a claim of priority over Danone's effective filing date of December 6, 2006, which date is claimed in the subject application filed under Section 66 of the Trademark Act.  Precision pleads no other allegations concerning Danone's filing basis or priority date.  The allegations therefore do not allege such facts that, if proved,

12

would establish that Precision is entitled to the relief sought.

Accordingly, Danone's motion to dismiss is granted, contingent upon issuance of a registration to Danone.[9] Application Serial No. 79041120 may proceed to registration under further processing in accordance with Section 66 applications.

---

[9] When we grant a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), it is our general practice to allow the plaintiff time to amend its pleading, if appropriate.  However, in view of the evidence submitted by Precision in opposition to Danone's motion for summary judgment, Precision cannot plead priority of use. Accordingly, it would be futile to allow Precision time to file an amended pleading.