Joseph C. AVAKOFF,
Appellant-Applicant,

v.

SOUTHERN PACIFIC COMPANY and
Southern Pacific Transportation
Company, Appellees-Opposers.

Appeal No. 85–2032,
Opposition No. 68325.

United States Court of Appeals,
Federal Circuit.

June 19, 1985.

Joseph C. Avakoff, pro se.

Robert D. Hornbaker, Freilich, Hornbaker, Rosen & Fernandez, of Los Angeles, Cal., for appellees-opposers.

Before RICH, BALDWIN, and BENNETT, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the January 28, 1985, decision (unpublished) of the Patent and Trademark Office Trademark Trial and Appeal Board (board) granting opposers', Southern Pacific Company, et al. (Southern Pacific), motion for summary judgment with respect to opposers' claim that the application herein involved is void ab initio because applicant, Joseph C. Avakoff (Avakoff), had not used his mark in commerce before filing the application. We affirm.

### Background

Avakoff filed an application to register SP SOFTWARE and design ("Software" disclaimed) for computer software, namely, programs recorded on magnetic media, application serial No. 386,190. Southern Pa-

cific opposed on two grounds: (1) non-use of the mark prior to filing the application; and (2) likelihood of confusion with several of its federally registered marks.

Southern Pacific moved for summary judgment. The board found against Avakoff on the non-use issue, granted the motion, and did not address the merits of the likelihood of confusion issue.

## OPINION

■ "Used in commerce" for trademarks means a bona fide sale or transportation in commerce "which may lawfully be regulated by Congress." 15 U.S.C. § 1127, Lanham Act § 45; *see In re Silenus Wines, Inc.*, 557 F.2d 806, 194 USPQ 261 (CCPA 1977). This requirement breaks down into two distinct elements: (1) Was the transaction upon which the registration application was founded bona fide; and (2) if it was bona fide, was it followed by activities proving a continuous effort or intent to use the mark. 1 J. McCarthy, Trademarks and Unfair Competition, § 19:37[C] (2nd ed. 1983).

■ The only shipment of the programs in interstate commerce prior to filing the application was the shipment to Avakoff, the alleged owner of the mark, *by the manufacturer*, who copied the original program and affixed labels bearing the marks thereto. The board held that such transportation of the goods, though admittedly interstate,

> was purely a delivery of the goods to applicant from the manufacturer.... That is, it was a shipment of the goods in preparation for offering the goods for sale. It did not make the goods available to the purchasing public.
>
> Without more, this type of shipment is clearly not activity amounting to a sale or transportation of the goods in commerce and does not constitute a bona fide shipment sufficient to lay a foundation for federal registration. [Citations omitted.]

Avakoff does not argue that this shipment alone is sufficient to meet § 1127.

Rather, Avakoff contends that this shipment when "combined with an advertising campaign using the mark, combined with subsequent sales" forms the basis for a sufficient use of the mark in interstate commerce.

Avakoff's advertising consisted of form letter solicitations sent to various retailers concerning Avakoff's program. The board in review of these form letters stated:

> Mere advertising of a product and documentary use of a symbol apart from the goods does not constitute trademark use for those goods. That is, advertising material is not use within the meaning of the statute and therefore it is insufficient to support federal registration. [Footnote omitted.]

In essence, Avakoff's argument is that as a matter of law these activities, when taken together, constitute a sufficient use of the mark in interstate commerce. We are unpersuaded that the board erred in holding that these activities, neither jointly nor severally, constituted use in commerce under § 1127. Since we agree with the board on this point, we need not address the second element of § 1127, i.e., continuous intent to use. The evidence of subsequent sales of programs bearing the marks is not relevant in the absence of use in commerce prior to filing. Clearly, the shipment by applicant's manufacturer to the applicant was not use of the mark *by applicant* in commerce.

## *Conclusion*

The order of the board granting Southern Pacific's motion for summary judgment is *affirmed*. The request of Southern Pacific for attorney's fees under 35 U.S.C. § 285 is *denied*.

AFFIRMED.