THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Faint

April 21, 2023

Cancellation No. 92078878

*Phat Scooters, Inc.*

*v.*

*Fatbear Scooters, LLC,*
*Isaac Ashkenazie and Isaac D. Ashkenazie*
*d/b/a Fatbear Scooters[1]*

**Before Wellington, Pologeorgis, and English,**
**Administrative Trademark Judges.**

**By the Board:**

This case is before the Board for consideration of Petitioner's fully-briefed motion, filed September 13, 2022, for partial summary judgment on its claim that the underlying use-based application for the subject registration is void ab initio because it was not filed by the rightful owner of the mark.[2]

---

[1] Messrs. Ashkenazie d/b/a Fatbear Scooters are joined as party defendants as set out within this order. *See, e.g., NSM Res. Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1031 (TTAB 2014) (finding joinder rather than substitution appropriate where assignment of pleaded mark was executed one year after proceeding commenced).

[2] Motion for summary judgment, 11 TTABVUE. Citations to the record or briefs in this order also include citations to the publicly available documents on TTABVUE, the Board's electronic docketing system. The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry, if applicable.

## I. Background

The underlying verified application for the now-registered standard character mark FAT BEAR was filed December 17, 2019, in the name of Fatbear Scooters, LLC, denoted in the application as a New Jersey Limited Liability Company.[3] The parties agree that Fatbear Scooters, LLC did not exist as of that date.[4]

On March 1, 2022, one day after an answer was filed by Fatbear Scooters, LLC in this proceeding, the certificate of formation for Fatbear Scooters LLC was issued by the State of New Jersey.[5]

In support of its motion for partial summary judgment, Petitioner argues that the application was filed in the name of an entity, namely Fatbear Scooters, LLC, that did not exist as of the filing of the motion for summary judgment, no corrective action was taken to form that entity before the mark registered, or before the filing of the petition to cancel in this proceeding.[6] Petitioner argues that because Fatbear

---

[3] Registration No. 6096023 filed pursuant to Trademark Act § 1(a) was issued on July 7, 2020 for, "motor scooters and structural parts therefor," in International Class 12, claiming a date of first use anywhere of August 1, 2019 and date of first use in commerce of December 1, 2019.

[4] In response to paragraph 10 of the petition to cancel, Respondent admitted in its answer that as of the date of the trademark application, the LLC had not been registered. 4 TTABVUE 3.

[5] 15 TTABVUE 9.

[6] Petitioner also points out as an "aside" that Respondent did not respond to Petitioner's first set of requests for admission and therefore the admissions are deemed admitted as a matter of law. Fed. R. Civ. P. 36(a)(3). This is procedurally correct. Because Respondent did not answer or object to the requests, it has effectively admitted that Fatbear Scooters, LLC did not exist on December, 17, 2019 (the application filing date), July 7, 2020 (the registration date), or January 13, 2020 (the filing date of the petition to cancel); and that Fatbear Scooters, LLC was formed in March 2022. *See* 11 TTABVUE 55 (requests for admission). Respondent does not contest this in its response.

Scooters, LLC did not exist prior to issuance of the registration, that entity could not have owned the mark at the time the application was filed, nor throughout the more than two years of registration. Petitioner also argues that the "limited exception" allowing an applicant to correct a mistake in the manner in which the name of an applicant is set out in the application applies only before any registration issues, so Respondent here cannot correct its error.[7] Petitioner therefore argues it is entitled to summary judgment on its claim that the application is void ab initio as it was filed in the name of an entity that did not own the mark.

With its response to Petitioner's motion, Fatbear Scooters, LLC submitted the affidavit of Isaac Ashkenazie who avers that he co-owns Fatbear Scooters, LLC together with his cousin (also named Isaac Ashkenazie);[8] that due to an "oversight" Fatbear Scooters was not registered as an LLC until March 1, 2022, although it was intended by the co-owners to be created at the same time the application was filed; the Ashkenazie cousins started Fatbear Scooters "business and company" about November 2019; and that, as of December 17, 2019, the date the application was filed continuing to the present, the only entity that has owned and used the FAT BEAR

[7] Petitioner cites to Trademark Rule 2.71(d), 37 C.F.R. § 2.71(d) and TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 1201.02(c) (2022) which discuss amendment of pending applications prior to registration. However, the relevant rules that apply to correction of an owner's mistake in the registration are Trademark Rules 2.73(b)(1) and 2.175, 37 C.F.R. §§ 2.73(b)(1) and 2.175. *See* TMEP §§ 1604.07(b) and 1609.10(b) and as discussed more fully below.

[8] In the declaration attached to its summary judgment response an alternate spelling was used, "Ashkenzi," although this conflicts with the spelling in the signature block of the affidavit and Respondents' answer to Interrogatory No. 12. *Compare* 15 TTABVUE 5 at ¶ 1 *with* 11 TTABVUE 11 at ¶ 12. The Board assumes the spelling with a terminal "i" is a typographical error, but if it is otherwise, Respondents may file a correction with the Board.

mark is the one co-owned by the Ashkenazie cousins d/b/a Fatbear Scooters, now Fatbear Scooters, LLC.

The Board construes Respondent's response to the motion for partial summary judgment as a cross-motion to amend the involved registration due to a correctable owner's mistake.

**II. Respondent's Construed Motion to Correct the Registration**

Trademark Rule 2.133, 37 C.F.R. § 2.133, provides that an application or registration which is the subject of a Board inter partes proceeding may not be amended in substance, except with the consent of the other party or parties and the approval of the Board, or except upon motion granted by the Board. *See Hachette Filipacchi Presse v. Elle Belle LLC*, 85 USPQ2d 1090, 1095 (TTAB 2007) (Board has jurisdiction to determine propriety of amendments; subsequent attempt by registrant to delete goods on which mark has never been used through Post Registration Unit is irrelevant); *In re Pamex Foods, Inc.*, 209 USPQ 275, 277-78 (Comm'r Pats. 1980) (requests for amendment where registration is involved in proceeding before Board subject to Board approval). Because most pretrial amendments generally require consent, a contested motion to amend the involved application or registration is generally deferred until final decision or until the case is decided upon summary judgment. *See, e.g., Enbridge, Inc. v. Excelerate Energy Ltd. P'ship*, 92 USPQ2d 1537, 1539 n.3 (TTAB 2009) (motion to amend identification of goods and dates of use deferred); *Space Base, Inc. v. Stadis Corp.*, 17 USPQ2d 1216, 1220 (TTAB 1990) (motion to amend identification of goods deferred); *see also* TRADEMARK TRIAL AND

APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 514.03 (2022). However, where an amendment that meets the standards for a correctable mistake is submitted to the Board, the consent of the adverse party is not required. TBMP § 514.03; *see e.g.,* TMEP §§ 1201.02(c) and 1609.10(b).

An application filed under Section 1(a) of the Trademark Act, 15 U.S.C § 1051(a), must be filed by the owner of the mark. *Wonderbread 5 v. Gilles*, 115 USPQ2d 1296, 1303 (TTAB 2015) ("Only the owner of the mark may file an application."). Where the applicant for a use-based application was not the owner of the mark, the underlying application is void ab initio. Trademark Rule 2.71(d), 37 C.F.R. § 2.71(d) ("An application filed in the name of an entity that did not own the mark as of the filing date of the application is void."); *Lyons v. Am. Coll. of Veterinary Sports Med. & Rehab.*, 859 F.3d 1023, 123 USPQ2d 1024, 1027 (Fed. Cir. 2017) (registration by one who did not own mark at time of filing renders underlying application void ab initio). Such an application cannot be corrected by amendment or assignment to substitute the correct owner as the applicant. Trademark Rule 2.71(d). *See In re Tong Yang Cement Corp.*, 19 USPQ2d 1689, 1691 (TTAB 1991) (where legal entity named as applicant was not owner of mark, amendment to name of owner not allowed).

However, where a use-based application is filed by the owner of the mark, the Trademark Act and Rules allow for correction of certain mistakes in the manner or form in which the owner's name is set out in the application or resulting registration. Trademark Act § 7(h), 15 U.S.C. § 1057(h); Trademark Rule 2.71(d); *In re Atlanta Blue Print Co.*, 19 USPQ2d 1078, 1079 (Comm'r Pats. 1990) (registrant permitted to

correct name from trade name to legal corporate name); *see also* TMEP §§ 1201.02(c), 1604.07(f) and 1609.10(b). To correct such an error, the owner must explain how the error occurred and provide a showing that the error occurred in good faith.[9] *See* Trademark Rule 2.175(b)(1). *See also* TMEP § 1609.10(b). Corrections are not limited solely to allowing an applicant to correct the mistake during the pendency of the application, as argued by Petitioner. *See, e.g.,* Trademark Rules 2.71(d) and 2.175(a) and (b)(1), 37 C.F.R. §§ 2.71(d) and 2.175(a) and (b)(1) (applicant may amend application, or registrant may correct mistake in registration which occurred in good faith through fault of owner).

An example of a permissible correction to an applicant's name is if the named applicant did not exist as of the application filing date. *See Accu Personnel, Inc. v. Accustaff, Inc.*, 38 USPQ2d 1443, 1446 (TTAB 1996) (holding application filed in name of non-existent entity not void ab initio so long as application filed by correct person).[10] Such a correction requires a showing that the applicant be the same, single commercial enterprise that filed and owned the mark at the time of filing the application. *Argo & Co. v. Springer*, 198 USPQ 626, 635 (TTAB 1978) (holding that

---

[9] Such a showing is similar to the "documentary evidence of a chain of title" required by Trademark Rule 3.73(b)(1), 37 C.F.R. § 3.73(b)(1). Sufficient evidence normally consists of the same type of documents that would be recorded by a filing in the Assignment Recordation Branch, such as assignment documents, certificates of merger, or certificates of change of name. *See, e.g.*, TMEP § 1604.07(b). In the alternative, the Board may consider an affidavit or declaration containing sufficient facts to support the chain of title. *Id.*; *see also* Trademark Rule 3.73(b)(1), 37 C.F.R. § 3.73(b)(1).

[10] "The term 'person' and any other word or term used to designate the applicant or other entitled to a benefit or privilege or rendered liable under the provisions of this chapter includes a juristic person as well as a natural person. The term 'juristic person' includes a firm, corporation, union, association, or other organization capable of suing and being sued in a court of law." Lanham Act § 45, 15 U.S.C. § 1127.

application may be amended to name three individuals as joint applicants in place of originally named corporate applicant which was never legally incorporated, because individuals and non-existent corporation were found to be same, single commercial enterprise); *U.S. Pioneer Elec. Corp. v. Evans Mktg., Inc.*, 183 USPQ 613, 614 (Comm'r Pats. 1974) (finding applicant's name may be corrected where application was mistakenly filed in name of fictitious and non-existent party). *See also* TMEP §§ 1201.02(c) and 1609.10(b).

In this case, Fatbear Scooters, LLC was a non-existent entity at the time Respondent's underlying application was filed and when its registration issued. Rather, Isaac Ashkenazie avers that the true owners of the mark at all times were the Ashkenazie cousins d/b/a Fatbear Scooters, and who are now the co-owners of Fatbear Scooters, LLC, a New Jersey limited liability company.[11] The circumstances before us are similar to those in *Accu Personnel* because, in both cases, the entity identified as the owner of the mark did not exist at the time the application was filed. *Accu Personnel,* 38 USPQ2d at 1445. Fatbear Scooters, LLC is "merely a later manifestation of the same, single commercial enterprise which filed the application." *Id.* The same single commercial enterprise operated by the Ashkenazie cousins has owned the mark, the application, and the resulting registration the entire time, and the misidentification of the commercial business as a New Jersey limited liability company is a correctable mistake. *See id.* at 1446. *Compare Great Seats, Ltd. v. Great Seats, Inc.*, 84 USPQ2d 1235, 1244 (TTAB 2007) (application void ab initio where two

---

[11] 15 TTABVUE 5-6. *See also* 11 TTABVUE 11 (response to Interrogatory # 12).

separate commercial entities were in existence on application filing date and application was filed in name of wrong existing entity).

Unless the Board has jurisdiction over a registration, a correction to it generally requires a Trademark Electronic Application System (TEAS) Request for Amendment or Correction of Registration Certificate to be filed with the Post Registration Unit of the USPTO pursuant to Trademark Act Section 7, 15 U.S.C. § 1057.[12] However, when the Board has jurisdiction over the registration, any request to correct the registration must be filed with the Board. To effect the amendment, a registrant in a Board proceeding is strongly encouraged to file a request to correct its registration via the Board's Electronic System for Trademark Trials and Appeals (ESTTA) under "Discovery/Trial Motions" as a "Motion to Amend Registration (Requires a Fee and Declaration),"[13] attach its motion, declaration or affidavit, and pay the required fee. *See* Lanham Act Section 7(h), 15 U.S.C. § 1057(h); and Trademark Rules 2.6(a)(8) and (9), 2.175(b)(3), 37 C.F.R. §§ 2.6(a)(8) and (9), 2.175(b)(3). Respondent did not do that here and did not otherwise pay the required fee.[14] But because a determination of Petitioner's motion for partial summary judgment requires that we consider Respondent's explanation regarding ownership

---

[12] Trademark Rule 2.175(b)(1), 37 C.F.R. § 2.175(b)(1). *See also* TMEP § 1609.10(b).

[13] Available at estta.uspto.gov/filing-type.jsp. Select "File Documents in a Board Proceeding."

[14] A movant may, for instance, file a motion authorizing a charge to the attorney's deposit account if applicable. *See* TBMP § 118.04. The USPTO has an automated financial system, USPTO Financial Manager, allowing transactions to occur over the Internet through the Office website at www.uspto.gov.

of the involved mark, we have exercised our discretion to consider the construed motion prior to payment of the required fee.

The Board finds Isaac Ashkenazie's affidavit establishes that the entity named in the underlying application (Fatbear Scooters, LLC) did not exist at the time of filing, but that chain of title in the same, single commercial enterprise did exist between it and the Ashkenazie cousins (d/b/a Fatbear Scooters). This evidence is sufficient to correct the misidentification of Respondent made upon filing the underlying application, and to also demonstrate that the error was inadvertent, made in good faith, and has been formalized through the filing and issuance of the limited liability certificate. Further, the Board finds the evidence sufficient to join Messrs. Ashkenazie d/b/a Fatbear Scooters as party defendants and finds this appropriate to facilitate discovery. *Cf. W. Worldwide Enters. Grp., Inc. v. Qinqdao Brewery*, 17 USPQ2d 1137, 1138 n.4 (TTAB 1990) (assignee joined after filing copy of assignment which occurred subsequent to commencement of proceeding); *Tonka Corp. v. Tonka Tools, Inc.*, 229 USPQ 857, 857 n.1 (TTAB 1986) (assignee joined where papers filed by parties indicated registration had been assigned).

In order for the correction to be effective, **Respondents must submit the required fee**, failing which the correction will not be entered and Respondent's registration may be considered void.[15]

---

[15] Upon payment of the required fee, the Board will forward the supporting information to the Post Registration Unit for entry into the record. The current fee is $100 for filing an amendment to a registration through ESTTA, and $200 if filed without using ESTTA. *See* Trademark Rule 2.6(a)(11)(ii), 37 C.F.R. § 2.6(a)(11)(ii).

### III. Motion for Summary Judgment

#### A. Standard for Summary Judgment

In a motion for summary judgment, the moving party has the burden of establishing the absence of any genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. A genuine dispute with respect to a material fact exists if sufficient evidence is presented that a reasonable fact finder could decide the question in favor of the non-moving party. *See Opryland USA, Inc. v. Great Am. Music Show, Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992). Thus, all doubts as to whether any particular factual issues are genuinely in dispute must be resolved in the light most favorable to the non-moving party. *See Olde Tyme Foods Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992).

The movant's burden at summary judgment, which is no genuine dispute of material fact, is greater than the burden of proof at trial which is a preponderance of the evidence where appropriate inferences are permitted to be drawn from the evidence of record. *See, e.g., Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 34 USPQ2d 1822, 1824 (Fed. Cir. 1995) (in addition to proving elements of laches by preponderance of evidence, moving party must also establish no genuine dispute of material fact as to those elements); *see also* TBMP § 528.01. Only when the movant has supported its motion with sufficient evidence that, if unopposed, indicates there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law, does the burden then shift to the non-movant to

demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *Enbridge,* 92 USPQ2d at 1540.

## B. Entitlement to a Statutory Cause of Action

In order to obtain summary judgment on its claim, Petitioner must first plead and ultimately prove entitlement to a statutory cause of action. *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 753 F.3d 1270, 111 USPQ2d 1058, 1062 (Fed. Cir. 2014).

To establish entitlement to a statutory cause of action under Section 14 of the Trademark Act, a summary judgment movant must demonstrate the lack of a genuine dispute of material fact that it possesses (i) an interest falling within the zone of interests protected by the statute, and (ii) a reasonable belief in damage proximately caused by the registration of the mark. *Corcamore, LLC v. SFM, LLC*, 978 F.3d 1298, 2020 USPQ2d 11277 at *4 (Fed. Cir. 2020) (discussing application of zone-of-interests and proximate causation test under *Lexmark Int'l v. Static Control Components*, 572 U.S. 118, 125-126 (2014)), *cert. denied*, 141 S. Ct. 2671 (2021); *see also Meenaxi Enter., Inc. v. Coca-Cola Co.*, 38 F.4th 1067, 2022 USPQ2d 602 at *2 (Fed. Cir. 2022); *Australian Therapeutic Supplies Pty. Ltd. v. Naked TM, LLC*, 965 F.3d 1370, 2020 USPQ2d 10837 at *3 (Fed. Cir. 2020), *cert. denied*, 142 S. Ct. 82 (2021); *Empresa*, 111 USPQ2d at 1162.

While Petitioner properly pleads entitlement to a statutory cause of action through its claim of ownership of three registrations,[16] Petitioner has not submitted

---

[16] 1 TTABVUE 3-4. *Cf. Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000 (plaintiff's pleaded registrations and products sold under the mark sufficient to establish entitlement).

copies of those registrations, nor any evidence substantiating its claims of ownership. A plaintiff's allegations alone do not establish its entitlement to a statutory cause of action; rather, a plaintiff must provide evidence to demonstrate its entitlement to a statutory cause of action. *See Lipton Indus., Inc. v. Ralston Purina Co.,* 670 F.2d 1024, 213 USPQ 185, 189-90 (CCPA 1982).

In view of the foregoing, Petitioner fails to meet its initial burden of establishing the absence of a genuine dispute of material fact as to its entitlement to a statutory cause of action, and therefore Petitioner's motion for summary judgment is **denied**. *See United Rum Merchs. Ltd. v. Distillers Corp. (S.A.) Ltd.,* 9 USPQ2d 1481, 1483-84 (TTAB 1988) (denying motion for summary judgment where opposer failed to establish entitlement as matter of law).[17] Although Petitioner's failure to establish its entitlement to a statutory cause of action is a sufficient basis for denying Petitioner's motion for summary judgment, in the interest of completeness, we address the motion as it pertains to Petitioner's claim that Respondents are not the rightful owners of the mark.

**C. Motion for Partial Summary Judgment on Nonownership Claim**

We find that Respondent is a single commercial enterprise misidentified as to entity type in the application, but that this is a correctable error. Although the

---

[17] Evidence submitted in connection with the motion for summary judgment is of record only for consideration of that motion. To be considered at final hearing, all evidence must be properly introduced in evidence during the appropriate trial period. *See Land O' Lakes, Inc. v. Hugunin,* 88 USPQ2d 1957, 1960 n.7 (TTAB 2008); *Univ. Games Corp. v. 20Q.net, Inc.,* 87 USPQ2d 1465, 1468 n.4 (TTAB 2008); *Levi Strauss & Co. v. R. Josephs Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993). Furthermore, the fact that we have identified certain genuine disputes of material fact sufficient to deny the motion should not be construed as a finding that these are necessarily the only issues which remain for trial.

request for the New Jersey limited liability company named in the application had not been filed under New Jersey law as of the application filing date, the misidentification has been corrected through the affidavit submitted by Mr. Ashkenazie, and will be entered upon payment of the proper fee. The underlying application was filed by the owner of the mark, and the registration issued in the name of the limited liability company as the owner of the mark as the same continuing commercial enterprise. *See Accu Personnel*, 38 USPQ2d at 1446.

In view of the foregoing, partial summary judgment in Respondents' favor on Petitioner's claim that Fatbear Scooters, LLC is not the rightful owner of the mark is **provisionally granted and the claim is provisionally dismissed with prejudice contingent** upon 1) Respondents' payment of the required fee and 2) Messrs. Ashkenazie adopting the answer filed in the name of the now-existing LLC or otherwise filing a new answer to the petition to cancel.[18] *See, e.g., Compagnie Gervais Danone v. Precision Formulations, LLC*, 89 USPQ2d 1251, 1254 (TTAB 2009) (summary judgment granted contingent upon foreign application maturing to registration). In the event these contingencies are met, this case will proceed solely on Petitioner's pleaded likelihood of confusion claim.

---

[18] Even though Respondents have not cross-moved for summary judgment on the issue, the Board may sua sponte grant summary judgment in Respondents' favor. *See Accu Personnel* at 1446; *see also Nicholson v. Securitas Sec. Servs. USA, Inc.*, 830 F.3d 186, 188 (5th Cir. 2016) (notice requirement of FRCP 56(f)(1) is satisfied where issue upon which court grants summary judgment was briefed by parties); *Geraczynski v. Nat'l R.R. Passenger Corp.*, No. CIV. A. 11-6385, 2015 WL 4623466, at *7 (D.N.J. July 31, 2015) (movant has "sufficient notice" for purposes of FRCP 56(f)(1), where issue upon which court grants summary judgment for non-movant is same issue that movant briefed in support of its unsuccessful motion for summary judgment), *appeal dismissed*, (June 9, 2016).

**IV. Respondents Must Submit Fee and File an Answer**

Respondents are allowed **30 DAYS** from the date of this order to submit the required fee for entry of the correction to the owner of the registration. In addition, Messrs. Ashkenazie are allowed **30 DAYS** from the date of this order to advise the Board that they wish to adopt as their own the answer filed by the non-existent LLC on February 28, 2022, or to file and serve a new answer to the petition to cancel, failing which the Board may issue a notice of default. If Respondents do not comply with the foregoing order, partial summary judgment in Respondents' favor on Petitioner's claim of nonownership will be denied.

To pay the fee, Respondents may use the ESTTA form as described above.

**V. Proceedings Resumed**

Proceedings are resumed. Dates are reset as set out below.

| | |
|---|---|
| Expert Disclosures Due | CLOSED |
| Discovery Closes | 5/23/2023 |
| Plaintiff's Pretrial Disclosures Due | 7/7/2023 |
| Plaintiff's 30-day Trial Period Ends | 8/21/2023 |
| Defendant's Pretrial Disclosures Due | 9/5/2023 |
| Defendant's 30-day Trial Period Ends | 10/20/2023 |
| Plaintiff's Rebuttal Disclosures Due | 11/4/2023 |
| Plaintiff's 15-day Rebuttal Period Ends | 12/4/2023 |
| Plaintiff's Opening Brief Due | 2/2/2024 |
| Defendant's Brief Due | 3/3/2024 |
| Plaintiff's Reply Brief Due | 3/18/2024 |
| Request for Oral Hearing (optional) Due | 3/28/2024 |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many

requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. 37 C.F.R. §§ 2.121 through 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).

**\*\*\***